UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHARLES V. FARNSWORTH, ) | |
| ) | |
| Plaintiff, ) | CASE NO.  C07-395-RSL-MJB |
| ) | |
| v. ) | |
| ) | |
| JOHNATHAN MICHAELS, ) | REPORT AND RECOMMENDATION |
| ) | |
| Defendant. ) | |
| _____ ) | |

## I.  INTRODUCTION AND SUMMARY CONCLUSION

Plaintiff Charles Farnsworth is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's second amended complaint, which names only Johnathan Michaels as defendant,[1] alleges violations of his rights of due process, meaningful access to communicate with and petition the court, freedom of speech, and equal protection of the law under the First and Fourteenth Amendments of the United States Constitution and under article I, section 22 of the Washington State Constitution.  Plaintiff seeks damages, as well as declaratory and injunctive relief.

---

[1] Plaintiff's first amended complaint named Johnathan Michaels and Correctional Sergeant John Doe as defendants.

REPORT AND RECOMMENDATION
Page - 1

This action was originally field in the Snohomish County Superior Court, then later removed to this Court by Defendant on March 14, 2007. (Dkt. #1). Now before the Court is Plaintiff's motion for summary judgment (Dkt. #7), which was filed in the state court prior to removal of this action and, subsequently noted in this Court on March 27, 2007. (Dkt. #8). On April 3, 2007, Defendant filed a motion to dismiss Plaintiff's case pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. #9). Defendant has filed a response opposing Plaintiff's summary judgment motion (Dkt. #11), and Plaintiff filed a reply (Dkt. #13). Likewise, Plaintiff has filed a response opposing Defendant's motion to dismiss (Dkt. #14) and Defendant filed a reply (Dkt. #16). Additionally, on June, 1, 2007, Plaintiff filed a letter/motion requesting that he be allowed to dismiss this action without prejudice and later re-file the action after his anticipated transfer back into the federal [prison] system in August. (Dkt. #18). The Court construes this latter motion as a motion for voluntary dismissal under Fed. R. Civ. P. 41.

Having considered the pending motions and responses, and the balance of the record, this Court recommends that Defendant's motion to dismiss for failure to state a claim be GRANTED and that Plaintiff's action be dismissed with prejudice.

## II.  BACKGROUND

Plaintiff's complaint alleges that on July 22, 2005, defendant Michaels, who was Plaintiff's counselor at the Washington State Reformatory, returned several envelopes of properly marked legal mail with a notice stating:

> The mailroom Sgt. returned these & more to follow because your debt balance is extreme. Per that Sgt., you are only allowed to send $4.00 of indigent legal mail per week.

(Dkt. #4, Pleadings Part 5 at 24). Plaintiff asserts that during a subsequent conversation,

REPORT AND RECOMMENDATION
Page - 2

Defendant informed him that this action was taken pursuant to Policy Directive 450.100 XIII.[2]

*Id.*

Plaintiff indicates that after reviewing the policy, he requested an additional $4.00 per week of indigent legal mail pursuant to Policy Directive 450.100 XIII(D)(1)(a) and (b).[3] *Id.* Although Plaintiff's request was granted, he claims that the additional postage was insufficient for his needs. *Id.* Plaintiff contends that because of the defendant's restrictive postage policy directive, he does not have meaningful access to the courts. *Id.*

### III.  DISCUSSION

A.   <u>Plaintiff's Motion for Summary Judgment</u>

Plaintiff seeks summary judgment on his claims that Defendant violated his rights under the First and Fourteenth Amendments of the United States Constitution. (Dkt. #4, Pleadings

---

[2]The Washington State Department of Corrections (DOC) Policy Directive 450.100 XIII(D) provides, in pertinent part, that "*[i]ndigent offenders* may receive postage credit up to the equivalent of 10 first class pre-franked envelopes per week for mailing costs, including *legal mail*, if they have outgoing mail." (Dkt. #4, Pleading Part 2 at 8).

[3]DOC Policy Directive 450.100(D)(1) states:

If an *indigent offender* has used all the postage allowed for mailing *legal mail*, s/he may receive postage that equates to 10 additional first class pre-franked envelopes per week for *legal mail* if all the following conditions are met:

(a)   The offender demonstrate to his/her Counselor that the legal document to be mailed is a personal restraint petition complaint, amended complaint, answer or reply to an answer in a habeas corpus action, or a civil rights action challenging the offender's conditions of confinement, or,

(b)   The offender has insufficient funds in his/her account to send the legal document, notwithstanding the Department's indigency standard, and must agree, by filling out a disbursement request to use all funds currently in his/her account to immediately pay for the requested *legal mail* postage.

(Dkt. #4, Pleading Part 2 at 8).

REPORT AND RECOMMENDATION
Page - 3

Part 5 at 50). Defendant argues that Plaintiff's summary judgment motion should not be considered by the Court because it was not timely filed pursuant to Fed. R. Civ. P. 56(a), and if the Court considers and grants Defendant's motion to dismiss, any further proceedings in this matter would be rendered moot. (Dkt. #11).

Under Fed. R. Civ. P. 56(a), a party seeking to recover upon a claim may, "at any time after the expiration of 20 days from the commencement of the action . . ., move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." In this case, Defendant argues that Plaintiff's summary judgment motion, which was filed on March 10, 2007, was not timely filed because this action was not commenced until after the Complaint was amended for the fourth time on March 7, 2007, or until the case was removed to this Court on March 14, 2007. (*Id.* at 1). This argument is without merit.

A civil action is commenced by filing a complaint with the court. Fed. R. Civ. P. 3. In Defendant's pending motion to dismiss, which he filed before responding to Plaintiff's summary judgment motion, Defendant acknowledges that Plaintiff filed his original complaint in Snohomish County Superior Court on September 22, 2005. (Dkt. #9 at 1 n.1). Thus, this action was clearly commenced almost 18 month before Plaintiff's current summary judgment motion was filed, and thus, the motion was timely filed under Fed. R. Civ. P. 56(a).

However, in light of this Court's recommendation in section B below that Defendant's motion to dismiss should be granted, the claims presented in Plaintiff's summary judgment motion are rendered moot.

B.    <u>Defendant's Motion to Dismiss</u>

Defendant moves this court to dismiss Plaintiff's § 1983 action pursuant to Fed. R. Civ. P 12(b)(6) on grounds that: (1) Plaintiff has failed to state a claim upon which relief may be granted; (2) Plaintiff has failed to allege that Defendant personally participated; and (3) even it a

REPORT AND RECOMMENDATION
Page - 4

violation occurred and Defendant participated in that violation, he is entitled to qualified immunity. In response, Plaintiff argues that these grounds for dismissal are res judicata because they are identical to issues denied by the state court on a prior cross-motion for summary judgment that Defendant filed in December 2006.[4] (Dkt. #14 at 2). Plaintiff, therefore, urges this Court to accept the state court's judgment as its own and deny Defendant's motion to dismiss.

The Supreme Court has instructed that "once a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to the removal." *Preaseau v. Pudential Ins. Co. of America*, 591 F.2d 74, 79 (9th Cir. 1979) (quoting *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 437, 94 S.Ct. 1113, 1123, 39 L.Ed.2d 435 (1974)). The Ninth Circuit has also held that "[t]he federal rules apply after removal" and "[t]he federal court . . . treats everything that occurred in the state court as if it had taken place in federal court." *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963) (footnote omitted). Under federal law, an order denying a motion for summary judgment is generally interlocutory and "subject to reconsideration by the court at any time." *See* Dessar *v. Bank of America Nat. Trust and Savings Assoc.*, 353 F.2d 468, 470 (9th Cir. 1965) (footnote omitted).

Applying these principles in *Preaseau*, the Ninth Circuit held that the federal court, within its discretion and for "cogent" reasons, could grant summary judgment notwithstanding an earlier denial of summary judgment by the state court. 591 F.2d at 80. Likewise, it is within

---

[4] Under the doctrine of res judicata, " a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States* , 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

REPORT AND RECOMMENDATION
Page - 5

this Court's discretion to consider the grounds for dismissal in Defendant's motion despite the state court's denial of Defendant's prior motion for summary judgment on the same grounds.

Moreover, even if state law were applicable here, this result would be unchanged. Washington courts have held that denial of a motion for summary judgment is not appealable. *Zimny v. Lovric*, 59 Wn. App. 737, 739, 801 P.2d 259, 260 (1990) (citing *Roth v. Ball*, 24 Wn. App. 92, 600 P.2d 602 (1979)). The courts have also stated that an order which is not appealable is not a final judgment and has no res judicata effect. *McClean v. Smith*, 4 Wn. App. 394, 400, 482 P.2d 798, 802 (1971). Accordingly, even under state law, res judicata would not operate to bar this Court's reconsideration of the issues in Defendant's motion to dismiss.

1. <u>Failure to State a Claim</u>

An action should be dismissed for failure to state a claim only if "it appears beyond doubt that plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *See Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328, 1332 (9th Cir. 1987) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In resolving a motion to dismiss for failure to state a claim, the Court must assume that the plaintiff's allegations are true and construe all of the facts before it in favor of the plaintiff. *Schowengerdt*, 823 F.2d at 1332. However, a motion to dismiss only admits, for the purposes of the motion, all well-pleaded facts in the complaint, as distinguished from conclusory allegations. *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976); *see also Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under § 1983).

In order to sustain a cause of action under 42 U.S.C. § 1983, the plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). In addition, a plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

    (a)  *Due Process, Free Speech and Equal Protection Rights*

Here, Defendant argues that Plaintiff has failed to articulate how the defendant violated his right to freedom of speech, his right to due process, or his right to equal protection. This Court agrees. Other than a broad, conclusory assertion in its opening paragraph that these constitutional rights were violated, Plaintiff's second amended complaint makes no specific factual allegations showing how these rights were violated or how Defendant participated in the violations. Accordingly, the undersigned recommends that these claims be dismissed because Plaintiff has failed to state a claim under § 1983.

    (b)  *Access to the Courts*

Plaintiff claims that he neither has meaningful access to the courts, nor is he able to communicate with or petition the court in a meaningful way because of Defendant's restrictive postage policy directive. (Dkt. #4, Pleadings Part 5 at 24). Defendant argues that Plaintiff's claim concerning indigent postage should be dismissed as a matter of law for failure to state a claim.

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 , 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). This right includes provision of postage stamps at state expense for indigent inmates to mail legal documents. *Bounds*, 430 U.S. at 824-25; *King v.*

REPORT AND RECOMMENDATION
Page - 7

*Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987). However, prisoners do not have an unlimited right to free postage in connection with the right of access to courts. *Bach v. Coughlin*. 508 F.2d 303 (7th Cir. 1974). A state may adopt reasonable postage stamp regulations. *Atiyeh*, 814 F.2d at 568 (citations omitted). There is no established minimum requirement that a state must meet in order to provide indigent inmates with adequate access to the courts. Instead, a reviewing court should focus on whether the individual plaintiff before it has been denied meaningful access. *Id.* To state a claim for which relief can be granted based on denial of legal postage, an inmate must allege an actual injury: a specific instance in which he was actually denied access to the courts. *See Sands v. Lewis*, 866 F.2d 1166, 1171 (9th Cir. 1989).

Plaintiff alleges that because of Defendant's postage policy directive, Plaintiff is unable to file a PRP on these issues, he has had to withdraw two civil complaints, and he is unable to file a habeas corpus petition in federal court on a PRP denied in the state supreme court because he is without postage to do so. (Dkt. #4, Pleadings Part 5 at 24-25). However, these broad, general allegations fail to demonstrate that Plaintiff was actually denied access to the courts as a result of the postage policy directive. The record reflects that Plaintiff filed and served numerous pleadings in the current action, and Plaintiff acknowledges in his second amended complaint that he has an appeal in Division II of the state court of appeals, he has approximately twelve (12) civil cases in both state and federal courts, he has two appeals in the Ninth Circuit, and one appeal in the Tenth Circuit. (*Id.* at 24). Moreover, Plaintiff has made no allegations that he missed a particular filing deadline, that any case was dismissed or that any sanctions were imposed by the courts due to impact of the postage policy directive. Because Plaintiff fails to show any actual injury to his right of access to courts, he fails to state a claim for which relief can be granted.

2. Additional Grounds for Dismissal

Defendant also argues for dismissal of Plaintiff's complaint on grounds that Plaintiff failed to allege how Defendant's actions amounted to personal participation in the alleged denial of his access to courts, and that Defendant is entitled to qualified immunity. Having reached the conclusions in section "B.1" above, this court need not address these issues.

C. Plaintiff's Motion for Dismissal

Although Plaintiff seeks dismissal without prejudice so that he can later re-file this action, it is clear that he does not have a viable action against Defendant based on the facts contained in the record. Additionally, Defendant has demonstrated that dismissal is required as a matter of law.

IV. CONCLUSION

For the reasons stated above, the Court recommend that Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be GRANTED and this case be dismissed with prejudice. The Court further recommends that Plaintiff's motion for voluntary dismissal be DENIED, and that Plaintiff's motion for summary judgment be STRICKEN as moot. A proposed Order accompanies this Report and Recommendation.

DATED this 5th day of July, 2007.

MONICA J. BENTON
United States Magistrate Judge